JACKSON v. COMISKY.

(Supreme Court, Appellate Term.  February 23, 1900.)

ESCAPE—CUSTODY—EVIDENCE.
    In an action against a marshal for the escape of a debtor taken under an execution against the person, plaintiff testified that defendant admitted that the debtor "got away from him," and introduced letters from defendant stating that he had agreed to receive from the judgment debtor payment of the execution in weekly installments, and that he had received a certain amount on the execution, with the understanding that, if the balance thereof was not paid within a given time, it was to be returned to the judgment debtor and execution against the person issued, and that immediately thereafter the debtor moved, and defendant had lost all track of him.  *Held* insufficient to show that defendant had ever had the person of the debtor in custody, and hence the action was properly dismissed.

Appeal from municipal court, borough of Manhattan.

Action by Stephen H. Jackson against Charles Comisky.  From a judgment dismissing the action, plaintiff appeals.  Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Joseph A. Kent, for appellant.
William Klingenstein, for respondent.

GIEGERICH, J.  The action is to recover damages for an alleged escape.  The pleadings were oral, and the answer was a general denial.  The plaintiff placed with the defendant (one of the marshals of the city of New York), for collection, an execution against the property of one Morris Finklestein, issued by the municipal court of the city of New York upon a judgment rendered in favor of the plaintiff

against the latter. Upon the return of the writ unsatisfied, an execution against the person was delivered to the defendant, which was likewise returned unsatisfied. But little evidence was introduced upon the trial. The plaintiff (the only witness called) testified that the defendant, after the executions had been intrusted to his care, admitted that he had collected part of the sum due, and that "Mr. Finklestein had got away from him." He also put in evidence two letters sent to him by the defendant. In one of them, bearing date August 13, 1898, the defendant states that he has consented to accept payment of the execution in weekly installments of $5 each; and in the other, dated December 9, 1898, he writes:

"I received $8.00 on account, with the understanding that, if the balance was not paid in two weeks, the same should be returned, and body judgment executed. At that time Finklestein's wife was confined in bed, and through sympathy I entered into this agreement. Finklestein immediately moved, and I lost all track of him."

At the close of the case the defendant moved for a dismissal of the complaint on the grounds (1) that the court had no jurisdiction of the cause; (2) that the plaintiff had failed to establish a cause of action; and (3) that the execution against the person was void. The trial justice dismissed the action, and stated as his reason "that it nowhere appears that the defendant was ever in the custody of the officer," to which the plaintiff noted an exception.

Without passing upon the points urged in support of the first and third grounds of the aforesaid motion, I am of the opinion that the court below was clearly right in making the ruling which is the subject of review upon this appeal. It is an elementary rule that, in order to maintain a charge against an officer for the escape of a prisoner, the plaintiff must show that such custodianship did in fact exist. 11 Am. & Eng. Enc. Law (2d Ed.) pp. 267, 268. Viewing the proof in the most favorable light to the plaintiff, I cannot fairly reach any other conclusion than that he has failed to establish this necessary prerequisite to the maintenance of the action.

Entertaining, as I do, these views, it follows that the judgment should be affirmed, with costs. All concur.